ANNIS FURS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 722. Promulgated November 30, 1943.

*Everett H. Wells, Esq.*, for the petitioner.
*John H. Pigg, Esq.*, and *Cecil H. Haas, Esq.*, for the respondent.

OPINION.

STERNHAGEN, *Judge:* The Commissioner determined a deficiency of $10,562.78 in withholding income tax for 1939, holding that the exchange in 1939 by petitioner's preferred shareholders of preferred shares for its debentures was taxable to them as a dividend to the extent of earnings and profits. The petitioner contends that such exchange was a recapitalization pursuant to a plan of reorganization, gain from which is not recognized. The facts are stipulated.

The petitioner is a Delaware corporation with its principal office in Detroit, Michigan. It there filed for 1939 an "Annual Return of Income Tax to be Paid at Source" (Form 1042) and an "Annual Return of Income Tax Withheld from Canadian Addressees" (Form 1042B) as withholding agent with respect to interest of $24,000 paid to holders of its debentures, all of whom are citizens and residents of Canada. The tax upon the interest is not contested.

The petitioner was incorporated July 1, 1937, with an authorized capital of 20,000 shares of common $10 par and 8,000 shares of 6½ percent cumulative preferred $100 par, redeemable at the option of the directors by lot or *pro rata* at $105 per share. Voting power was in

both common and preferred. The board of directors at their first meeting, July 2, 1937, authorized the issuance of all of its shares in exchange for all the shares of Newton Annis Furs, a Michigan corporation, on the basis of one preferred for each five shares of Newton Annis Furs and one common for each two shares of Newton Annis Furs. This was done, and pursuant thereto petitioner's shares were issued on July 2, 1937, as follows: to the Imperial Trust Co., 18,750 common and 7,500 preferred; and to Hannah F. Walker, 1,250 common and 500 preferred.

Newton Annis Furs had an earned surplus as of July 1, 1937, of $211,255.68. It was liquidated and dissolved and all its assets were transferred to petitioner as of July 1, 1937. This was treated by both the petitioner and the Government as a nontaxable reorganization under the provisions of section 112.

The balance sheet of petitioner as of July 1, 1937, immediately after the acquisition of all the assets of Newton Annis Furs, shows no surplus, the aforesaid earned surplus having been capitalized.

On December 31, 1937, a dividend of $3.25 per share, $26,000, on preferred was paid by petitioner out of its general funds. On January 27, 1938, a dividend of $2.50 per share, $50,000, was paid on common out of its general funds. At the time of the payment of these dividends petitioner's current earnings were equal to or in excess of the amounts paid. No further dividends were paid.

On June 16, 1939, the officers were authorized to create an issue, $800,000 of 6 percent 20-year debentures dated July 1, 1939, in coupon form, to mature July 1, 1959, and to offer such debentures to the holders of the outstanding preferred in exchange for preferred shares at $100 per share.

On July 1, 1939, the preferred shares were held as follows:

| | |
|---|---|
| Douglas Investments, Ltd | 1071 shares |
| Wesley Investments, Ltd | 1071 shares |
| Bickerdike Investments, Ltd | 1071 shares |
| Vulcan Investments, Ltd | 1071 shares |
| Campbell Investments, Ltd | 1072 shares |
| Isabel Investments, Ltd | 1072 shares |
| Taylor Investments, Ltd | 1072 shares |
| Hannah F. Walker | 500 shares |

They were surrendered and canceled, and debentures were issued in exchange for them.

On January 22, 1940, petitioner filed with the Secretary of the State of Delaware a certificate stating:

* * * 8000 shares of the issued and outstanding $100.00 par value preferred stock of the corporation were purchased out of capital and retired by the Corporation by the issuance in payment therefor of certain debentures.

On the date of the exchange petitioner's books showed an accumulated operating deficit of $137,435.12. On the day the debentures

were issued they were transferred by the various investment companies to the following residents of Canada:

| | | | |
|---|---|---|---|
| Marion J. Webster | $107,000 | L. Stuart Webster | $107,000 |
| Eric T. Webster | 107,000 | R. Howard Webster | 108,000 |
| Hon. Lorne C. Webster | 157,000 | Richard C. Webster | 107,000 |
| Colin W. Webster | 107,000 | | |

The outstanding 20,000 shares of petitioner's common were held by persons who held preferred shares and in the same proportions.

Petitioner was solvent. It paid the 1939 interest of $24,000 on the debentures.

The petitioner failed to withhold a tax of the Canadian shareholders, its theory being that the debentures received by the shareholders in 1939 in exchange for their preferred shares was a recapitalization, which was a statutory reorganization as defined in section 112 (g) (1) (E), and that the gain in such exchange may not be recognized, section 112 (b) (3), Internal Revenue Code. There can be no doubt that the exchange of the corporation's debentures for its preferred shares was a recapitalization (*Capento Securities Corporation*, 47 B. T. A. 691; *Clarence J. Schoo*, 47 B. T. A. 459; *Edgar M. Docherty*, 47 B. T. A. 462), or that section 112 (b) (3) provides that in a reorganization exchange no gain shall be recognized. The respondent however, relying upon *Gregory* v. *Helvering*, 293 U. S. 465, argues that although the exchange is, literally, a statutory reorganization, it may not be so treated since it served no useful business purpose of the corporation.

The doctrine is now well established that the reorganization definition of section 112 (g) is not always to be applied according to its letter, and that the lack of a reasonable business purpose may prevent its application. *Gregory* v. *Helvering, supra; DeNobili Cigar Co.*, 1 T. C. 673. It can not be said, however, that this recapitalization served no reasonable or legitimate business purpose, for the reduction of the corporation's periodic charge from 6½ percent, as the dividend was under the preferred shares, to 6 percent, as the interest became under the debentures, was a sufficient financial advantage to explain and justify the change. This Court said as much (although not definitively) in a memorandum opinion (appeal dismissed C. C. A., 6th Cir., October 9, 1943) relating to the petitioner's own 1940 income tax and its right to deduct the debenture interest. The statement by petitioner's president that from the standpoint of the shareholders the exchange may have satisfied their desire for "a permanent income if possible" does not detract from the reasonableness as a purpose of the corporation's reduction of its interest charge. We therefore hold that the exchange occurred in a reorganization, as defined in section 112 (g) (1) (E) of the statute; and that, by section 112 (b) (3), no gain may be recognized. The exchange was not a distribution of

earnings and profits but was a recapitalization thereof. It was not at such time and in such manner as to make the cancellation or redemption of the preferred shares essentially equivalent to the distribution of a taxable dividend, as provided in section 115 (g). Since this proposition is the crux of the Commissioner's determination and argument, the determination must be reversed.

Section 115 (h) furnishes additional support for petitioner's position. It provides that a distribution by a corporation of its securities (debentures) shall not be considered a distribution of earnings or profits (a dividend) if no gain is recognized by law. While the intended effect of this subsection (h) is to preserve the status of the earnings so that they may be taxed in a latter distribution, this is a corollary of the direction of section 112 (b) (3) that no gain shall be recognized in the exchange. Cf. *August Horrmann*, 34 B. T. A. 1178, 1183; *John K. Beretta*, 1 T. C. 86.

The debentures were received by the nonresident alien shareholders in a reorganization exchange, and section 112 (b) (3) forbids the recognition of gain; the exchange was not without business purpose, and section 115 (g) is therefore not available to overcome section 112 (b) (3); and section 115 (h) confirms the nonrecognition of gain in that it also provides that the transaction may not be considered a distribution of earnings or profits. Since the nonresident alien shareholders were not taxable upon the debentures they received, the corporation was not required to withhold any tax thereon. The determination is reversed.

*Decision will be entered for the petitioner.*